## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>        Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Defendant Lyft, Inc. ("Lyft" or "Defendant"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.      Plaintiff Blackbird Technologies is a limited liability company organized under the laws of Delaware, with its principal place of business located at One Boston Place, Suite 2600, Boston, MA 02108.

2.      On information and belief, Defendant Lyft is a corporation organized and existing under the laws of Delaware with its principal place of business located at 2300 Harrison Street, San Francisco, CA, 94110.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

4.      Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5.      This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in Delaware.  Defendant has also established minimum contacts with this forum.  Defendant has been incorporated in Delaware at all relevant times, having been previously incorporated under the name Zimride, Inc. from July 21, 2008, until April 22, 2013.  Defendant regularly conducts business in Delaware, including by operating, supporting, and offering on demand transportation services in Delaware.  *See, e.g.*, https://www.lyft.com/cities (listing available Lyft cities, which includes Wilmington, Delaware). The acts by Defendant in this district have caused injury to Blackbird Technologies.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) at least because Defendant has transacted business within this district and has committed acts in this district that infringe U.S. Patent No. 7,797,448.

U.S. PATENT NO. 7,797,448

7.      U.S. Patent No. 7,797,448 (the "'448 patent") entitled, "GPS-Internet Linkage," was duly and legally issued by the U.S. Patent and Trademark Office on Sept. 14, 2010. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '448 patent, including all right to recover for any and all infringement thereof.  The '448 patent is valid and enforceable.  A true and correct copy of the '448 patent is attached as Exhibit A.

8.      Claim 1 of the '448 patent recites, for example, an integrated system whereby computers equipped with Global Positioning System ("GPS") units are configured to identify their respective locations and communicate with each other over the Internet.  This integration is

directed to a specific improvement in the way computers can transmit messages over the Internet by enabling transmitted data to have an associated location characteristic that can be used to help identify the transmitting computer, implement security protocols in a private network, or track the movement of transmitting mobile devices, for example.  This claim, therefore, is necessarily rooted in computer technology in order to address a challenge specifically arising in the realm of computer networks and particular to the Internet, and requires a GPS unit such that other systems and methods of identifying a transmitting computer's location are not pre-empted, including without limitation by using only Wi-Fi access points and cellular tower locations.

9.      The integration of Internet communications with GPS specifically, as opposed to other means for determining the location of mobile devices, was a novel approach at the time of the invention that coincided with then Vice President Al Gore's announcement of a GPS modernization initiative to make GPS more accessible to the public by adding new civil signals for future GPS satellites.  *See* Press Release, The White House, Vice President Gore Announces New Global Positioning System Modernization Initiative (Jan. 25, 1999), *available at* http://clinton6.nara.gov/1999/01/1999-01-25-vice-president-gore-announces-new-global-positioning-system.html.

10.     Claim 4 of the '448 patent depends upon claim 1 to further recite, for example, that the integrated system creates localized computer networks based on geographic proximity of the computers equipped with GPS units.

11.     Claim 6 of the '448 patent depends upon claim 1 to further recite, for example, that the integrated system provides automatic identification of the computers equipped with GPS units.

12.     Claim 8 of the '448 patent recites, for example, a method for identifying the locations of computers equipped with GPS units by using the integrated system of claim 1.

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,797,448</u>

13.     Blackbird Technologies reasserts and incorporates by reference Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.     Defendant has become aware of the '448 patent at least by virtue of the filing of this Complaint.

15.     On information and belief, Lyft hosts, develops, programs, operates, supports, and/or provides network services to enable on demand transportation ("Lyft Services"). *See generally, e.g.*, https://developer.lyft.com/docs (providing an overview of the Lyft API, which includes various endpoints that use HTTP as their underlying protocol).

16.     On information and belief, Lyft develops, programs, supports, and makes available for download and installation a mobile app for both Lyft customers ("Client App") and Lyft drivers ("Driver App"). The Driver App functionality is enabled by tapping a steering wheel icon to select driver mode. The Client App and Driver App can be installed on computing devices ("Client Device" and "Driver Device," respectively) running several different operating systems, including but not limited to certain versions of iOS and Android.

17.     On information and belief, a Client App user can request a ride from a Lyft driver. The default pickup location for the ride is at or near the current location of the Client Device. *See, e.g.*, https://help.lyft.com/hc/en-us/articles/214219787-Overview-of-Ride-Issues ("The app automatically drops your passenger's pin in their current location. If they move it elsewhere, they get a pop-up notification asking them to confirm it's in the right place.");

http://thehub.lyft.com/blog/2014/10/20/passengers-now-asked-confirm-location-pickup

("Passengers must now confirm their pickup location in the app if their phone's GPS indicates they're somewhere else.").  If the pickup location is not at the current location, selecting the icon on the Client App will center the pickup location onto the current location.

18.      On information and belief, when a Client App user requests a ride, information including but not limited to the latitude and longitude pair of the pickup location is transmitted to the Lyft Services via the HTTP protocol.  *See, e.g.*, https://developer.lyft.com/docs/request (utilizing the "origin" HTTP Post parameter).  Also via the HTTP protocol, an available Lyft driver may receive notification of the Client App user's ride request on a Driver Device, which displays a map indicating the requested pickup location.  For example:



(https://help.lyft.com/hc/en-us/articles/214219657-How-to-Give-a-Lyft-Ride.)

19.    On information and belief, the Lyft Services determines a driver's availability in part by comparing the current location of the Driver Device with the requested pickup location. For example:

NEARBY DRIVERS

The `drivers` endpoint allows you to determine the location of drivers near a location. The result will contain a list of 5 locations for a sample of drivers for each ride type available at the specified latitude and longitude.

Resource URL

GET `'https://api.lyft.com/v1/drivers'`

Query Parameters

| Field name | Type | Description |
|---|---|---|
| lat | float | the user's current latitude |
| lng | float | the user's current longitude |

https://developer.lyft.com/docs/nearby-drivers.  *See also* Pub. No. 2016/0027306 at ¶ [0027] ("In various embodiments, driver selection system 206 determines a driver based at least in part on a detour criterion, a pickup delay criterion, a distance criterion, or any other appropriate criteria.") & ¶ [0039] ("In 910, the ride is assigned to the closest driver without a ride (e.g., the driver without a ride within minimum pickup delay)."); https://help.lyft.com/hc/en-us/articles/214584737-How-Drivers-and-Passengers-are-Paired ("In order to keep drivers as busy as possible while also keeping ETAs low for passengers, requests are dispatched to the driver who will arrive soonest.").

20.    On information and belief, when a driver accepts a ride request, the Driver App transmits information indicating such acceptance to the Lyft Services via the HTTP protocol, which then notifies the Client Device via the HTTP protocol accordingly.  *See, e.g.,*

https://developer.lyft.com/docs/ride-states ("accepted" ride state indicates "a driver has accepted the ride"); https://developer.lyft.com/docs/ride-request-details (for a given "ride_id" set after a successful ride request, returning an "accepted" ride state until the ride state changes to "arrived").

21.     The Client Device displays information about the assigned driver and shows the location of the Driver Device as it travels to the pickup location.  For example:



(https://help.lyft.com/hc/en-us/articles/213584088-How-to-Get-Picked-Up-as-a-Passenger.)  *See also* https://help.lyft.com/hc/en-us/articles/213579518-Preventing-Poor-Location-Tracking ("We depend on accurate GPS information in order to track your rides.  When you're in driver mode, the app will regularly send location information to Lyft's servers.  This is how we are able to measure the distance driven and, in turn, calculate how much the passenger should pay for the

ride.  It also allows us to show passengers where you are when you're on your way to pick them up.").

22.    On information and belief, in addition to communicating a ride request and a driver's acceptance, the Lyft Services enable the Client Device and Driver Device to communicate other information with each other over the Internet, including but not limited to ride cancellations.  For example:



https://developer.lyft.com/docs/ride-states.

23.    On information and belief, the Client App transmits Client Device location information determined at least in part from the Client Device GPS to the Lyft Services over the Internet  For example:



(Lyft for Android permissions screenshot (requiring "precise location (GPS and network-based)," "full network access," and "receive data from Internet").)



(https://help.lyft.com/hc/en-us/articles/213579518-Preventing-Poor-Location-Tracking.)  *See also, e.g.*, https://www.lyft.com/terms ("Any of your Information, including geolocational data, you upload, provide, or post on the Lyft Platform may be accessible to Lyft and certain Users of the Lyft Platform.").

     24.    On information and belief, the Driver App transmits Driver Device location information determined at least in part from the Driver Device GPS to the Lyft Services over the Internet.  *See, e.g.*, *supra* ¶ 23; https://help.lyft.com/hc/en-us/articles/213580218 (instructing Lyft drivers to "Go to Phone Settings > Location (or Location Access) and make sure that 'Access to my location' is enabled and that all possible Location sources are checked. This setting is sometimes referred to as 'Use wireless networks' or 'Use GPS satellites'"); https://help.lyft.com/hc/en-us/articles/213579518-Preventing-Poor-Location-Tracking ("We depend on accurate GPS information in order to track your rides.  When you're in driver mode, the app will regularly send location information to Lyft's servers.  This is how we are able to measure the distance driven and, in turn, calculate how much the passenger should pay for the ride.  It also allows us to show passengers where you are when you're on your way to pick them up.").

     25.    Therefore, the Lyft Services in conjunction with existing Client Devices and Driver Devices configured to determine their respective locations at least in part from GPS data (the "Accused System") falls within the scope of at least claim 1 of the '448 patent.

     26.    The Accused System also falls within the scope of claim 4 of the '448 patent because, for example, it is configured to restrict the universe of Driver Devices that a Client Device can communicate with based upon a location parameter:

## NEARBY DRIVERS

The `drivers` endpoint allows you to determine the location of drivers near a location. The result will contain a list of 5 locations for a sample of drivers for each ride type available at the specified latitude and longitude.

### Resource URL

GET `'https://api.lyft.com/v1/drivers'`

### Query Parameters

| Field name | Type | Description |
|---|---|---|
| `lat` | float | the user's current latitude |
| `lng` | float | the user's current longitude |

```
      "locations": [
        {
          "lat": 37.8137717059,
          "lng": -122.270445794
        },
        {
          "lat": 37.8137768284,
          "lng": -122.2704730737
        },
        {
          "lat": 37.8137787799,
          "lng": -122.270483466
        },
        {
          "lat": 37.8137795117,
          "lng": -122.2704873631
        },
        {
          "lat": 37.8137797556,
          "lng": -122.2704886621
        }
      ]
    }
  ],
  "ride_type": "lyft_plus"
```

(https://developer.lyft.com/docs/nearby-drivers.)  *See also* Pub. No. 2016/0027306 at ¶ [0027]

("In various embodiments, driver selection system 206 determines a driver based at least in part

on a detour criterion, a pickup delay criterion, a distance criterion, or any other appropriate

11

criteria.") & ¶ [0039] ("In 910, the ride is assigned to the closest driver without a ride (e.g., the driver without a ride within minimum pickup delay)."); https://help.lyft.com/hc/en-us/articles/214584737-How-Drivers-and-Passengers-are-Paired ("In order to keep drivers as busy as possible while also keeping ETAs low for passengers, requests are dispatched to the driver who will arrive soonest.").

27.      The Accused System also falls within the scope of claim 6 of the '448 patent because it is configured to automatically identify the Driver Device to the Client Device and vice versa.  For example, when a driver accepts a ride request, identifying information about the Driver Device and its user is transmitted to the Client Device, (https://developer.lyft.com/docs/ride-request-details (for a Driver Device that accepted a ride request, the Lyft Services returning a series of parameters identifying the Driver Device and its user)), and identifying information about the Client Device and its user is transmitted to the Driver Device:



(https://help.lyft.com/hc/en-us/articles/214219657-How-to-Give-a-Lyft-Ride.)

### Direct Infringement of System Claims 1, 4, and 6 of U.S. Patent No. 7,797,448

28.     Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '448 patent, including at least claims 1, 4, and 6, by using and making, in this judicial district and/or elsewhere in the United States, the Accused System.  For example, Lyft controls the Accused System as a whole by running, operating, and/or supporting its Lyft Services or otherwise making its Lyft Services available to Client Devices and Driver Devices, and obtains a benefit from such use at least by collecting Lyft transportation payments.  Lyft makes the Accused System by hosting and/or launching its Lyft Services or otherwise making its Lyft Services available to existing Client Devices and Driver Devices configured to determine their respective locations at least in part from GPS data such that they are capable of communicating with each other over the Internet.

### Inducement of System Claims 1, 4, and 6 of U.S. Patent No. 7,797,448

29.     At least on or after the filing of this Complaint, Defendant, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induces the infringement of one or more claims of the '448 patent, including at least claims 1, 4, and 6, by instructing and otherwise encouraging infringement and by making the Client App and Driver App available to Lyft customers and drivers to download and install onto their respective Client Devices and Driver Devices.  For example, the Client App requires device permissions that include access to "precise location (GPS and network-based)," "full network access," and "receive data from Internet."  *See supra* ¶ 23.  Because the Driver App "depend[s] on accurate GPS information in order to track … rides," Lyft instructs Driver Device users to enable GPS location modes.  *See supra* ¶ 24.  Lyft also

provides many instructional videos and other promotional materials demonstrating how the Client Device and Driver Device can communicate with each other to facilitate transportation services in a way that infringes the '448 patent. *See, e.g.*, https://www.lyft.com/ ("How Lyft Works"); https://help.lyft.com/hc/en-us/articles/213584098-How-to-Request-a-Ride; https://help.lyft.com/hc/en-us/articles/213584088-How-to-Get-Picked-Up-as-a-Passenger; https://help.lyft.com/hc/en-us/articles/214219727-Videos-How-to-Give-Rides-Get-Paid-and-Use-the-Rating-System; *and generally* https://www.youtube.com/user/LyftVideos.

30.     A Lyft customer, pursuant to 35 U.S.C. § 271(a), directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the '448 patent, including at least claims 1, 4, and 6, by using the Accused System.  For example, a Lyft customer controls the Accused System as a whole by using a Client Device in order to transmit a transportation request to a Driver Device and otherwise communicate with that Driver Device to facilitate a successful transaction, and obtains benefits from such use at least by virtue of the Lyft ride.

31.     A Lyft driver, pursuant to 35 U.S.C. § 271(a), directly infringes, literally and/or under the doctrine of equivalents, one or more claims of the '448 patent, including at least claims 1, 4, and 6, by using the Accused System.  For example, a Lyft driver controls the Accused System as a whole by using a Driver Device in order to accept a transportation request from a Client Device and otherwise communicate with that Client Device to facilitate a successful transaction, and obtains benefits from such use by virtue of customer payment for the Lyft ride.

### *Direct Infringement of Method Claim 8 of U.S. Patent No. 7,797,448*

32.     Defendant, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, claim 8 of the '448 patent by using, in this judicial district and/or elsewhere in the United States, the Accused System to

identify the locations of Client Devices and Driver Devices.  *See, e.g.*,

https://www.lyft.com/terms ("Any of your Information, including geolocational data, you

upload, provide, or post on the Lyft Platform may be accessible to Lyft and certain Users of the

Lyft Platform."); https://developer.lyft.com/docs/request (utilizing the "origin" HTTP Post

parameter); https://developer.lyft.com/docs/nearby-drivers (returning the locations of Driver

Devices from the Lyft Services); Pub. No. 2016/0027306 at ¶ [0028] ("Driver database 304

comprises a database of driver information.  In various embodiments, driver information

comprises … driver present location ….").

### *Inducement of Method Claim 8 of U.S. Patent No. 7,797,448*

33.     At least on or after the filing of this Complaint, Defendant, pursuant to 35 U.S.C.

§ 271(b), knowingly and intentionally actively induces the infringement of claim 8 of the '448

patent by instructing and otherwise encouraging infringement and by promoting, advertising, and

instructing Client Device users about the Accused System's ability to enable Client Devices to

track its own location and the location of Driver Devices to facilitate on demand transportation.

*See, e.g.*, https://www.lyft.com/ ("How Lyft Works"); https://help.lyft.com/hc/en-

us/articles/213584098-How-to-Request-a-Ride; https://help.lyft.com/hc/en-

us/articles/213584088-How-to-Get-Picked-Up-as-a-Passenger; *and generally*

https://www.youtube.com/user/LyftVideos.

34.     Lyft customers, pursuant to 35 U.S.C. § 271(a), directly infringe, literally and/or

under the doctrine of equivalents, claim 8 of the '448 patent by using the Client Device

component of the Accused System to track their own locations and the locations of Driver

Devices to facilitate on demand transportation.  For example, the locations of Driver Devices are

tracked by a Client Device at least after launching the Client App and/or booking a ride with a particular Lyft driver.

### *Contributory Infringement of Claims 1, 4, 6, and 8 of U.S. Patent No. 7,797,448*

35.    At least on or after the filing of this Complaint, Defendant, pursuant to 35 U.S.C. § 271(c), contributes to the infringement of at least claims 1, 4, 6, and 8 of the '448 patent by knowingly and intentionally selling and offering to sell within the United States the Client App to Lyft customers.  The Client App is a material part of the Accused System covered by the '448 patent because, *inter alia*, it is capable of (i) identifying the location of the Client Device it is installed on, (ii) receiving the location of Driver Devices over the Internet through the Lyft Services, and (iii) communicating with a Driver Device over the Internet through the Lyft Services.  Defendant knows the Client App is especially made or especially adapted for use in infringing the '448 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use because the aforementioned capabilities cannot be circumvented once the Client App is installed onto a Client Device, and the location of the Client Device and a Driver Device must be identified by the Client App in order to request and book transportation. Defendant sells and offers to sell within the United States the Client App by, *inter alia*, charging Lyft customers a "Trust and Service Fee" for every trip in accordance with its licensing policies. *See, e.g.*, https://help.lyft.com/hc/en-us/articles/214218147-Calculating-the-Cost-of-a-Lyft-Ride ("Trust and Service Fee: added to each ride charge.").

36.    On information and belief, the owner(s) of the '448 patent have complied with 35 U.S.C. § 287(a) at all relevant times.

37.    Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '448 patent.

38.     As a consequence of Defendant's infringement of the '448 patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

39.     On information and belief, Defendant will continue to infringe the '448 patent unless enjoined by this Court.

40.     As a consequence of continued infringement of the '448 patent by Defendant, Blackbird Technologies has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Defendant is enjoined by this Court from committing further acts of infringement.  Blackbird Technologies has no adequate remedy at law.  In the event this Court determines that it will not award injunctive relief, this Court should require Defendant to pay damages for past infringement of the '448 patent and royalties for its infringement of the '448 patent on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A.     Adjudging that Defendant has infringed one or more claims of the '448 patent, including at least claims 1, 4, 6, and 8 literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a), (b), and (c);

B.     An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

C.      Granting Blackbird Technologies permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, affiliates, and all others in active concert therewith from future acts of infringing the '448 patent;

D.      In the event that this Court determines that it will not enter injunctive relief, ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '448 patent on a going-forward basis;

E.      Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

F.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G.      Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated:  July 8, 2016                      STAMOULIS & WEINBLATT LLC

OF COUNSEL                                */s/ Stamatios Stamoulis*
                                          Stamatios Stamoulis #4606
Christopher Freeman                          stamoulis@swdelaw.com
cfreeman@blackbird-tech.com               Richard C. Weinblatt #5080
Wendy Verlander                              weinblatt@swdelaw.com
wverlander@blackbird-tech.com             Two Fox Point Centre
John Handy                                6 Denny Road, Suite 307
jhandy@blackbird-tech.com                 Wilmington, DE 19809
Blackbird Tech LLC d/b/a                  (302) 999-1540
Blackbird Technologies
One Boston Place, Suite 2600              *Attorneys for Plaintiff*
Boston, MA 02108                          *Blackbird Tech LLC*
(617) 307-7100                            *d/b/a Blackbird Technologies*

18